■ JOELLE LE BLANC et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent. [719 NYS2d 731] —Lahtinen, J. Appeal from that part of an order of the Supreme Court (Sise, J.), entered February 11, 2000 in Hamilton County, which granted defendant's cross motion for summary judgment dismissing the third cause of action in the complaint and made a declaration as to the extent of defendant's obligation to plaintiffs under the supplemental uninsured motorist endorsement of the subject automobile liability insurance policy.

Plaintiff Joelle Le Blanc was catastrophically injured on March 16, 1996 when the motor vehicle she was operating was involved in an accident with a motor vehicle driven by Claude Boggett. Le Blanc and her spouse, plaintiff James Howard, settled their claims against Boggett, with defendant's permission, for $100,000, the aggregate single limit of Boggett's liability insurance coverage. Defendant received approximately $12,000* of the $100,000 Boggett settlement for reimbursement of the property damage payment to plaintiffs for the loss of their car and the $88,000 balance was paid to plaintiffs.

Le Blanc then demanded $100,000 for bodily injuries and Howard demanded $100,000 for his derivative claim under the provisions of the supplementary underinsured motorist (hereinafter SUM) endorsement of their automobile liability insurance policy issued by defendant. Defendant concedes that the provisions of the SUM endorsement set forth in its policy were triggered (see, Matter of Prudential Prop. & Cas. Co. v Szeli, 83 NY2d 681), but claims that the $88,000 paid by Boggett was payment for damages sustained by Le Blanc because of bodily injury and must be set off against the available $100,000 SUM coverage, and that Howard is not entitled to any payment under the SUM endorsement for his derivative claim. When defendant refused any payment in excess of $12,000, plaintiffs brought this declaratory judgment action which also included a bad faith claim. Both parties moved for summary judgment and Supreme Court held that defendant's liability under the provisions of the SUM endorsement was limited to paying Le Blanc $12,000 and dismissed Howard's SUM claim and the cause of action sounding in bad faith. Plaintiffs appeal.

---

* Defendant was reimbursed $11,795.57 and $88,204.43 was paid to plaintiffs.

The only issue with respect to Le Blanc's claim under the SUM endorsement is whether defendant is entitled to set off the net settlement proceeds of $88,000 paid by Boggett. Plaintiffs argue that Boggett's $88,000 payment was in partial payment of Le Blanc's far greater economic loss which, under the terms of defendant's ambiguous policy, could be attributable to property damage and therefore not available as a set off against the SUM coverage. We reject plaintiffs' argument, finding that the language of defendant's policy is clear and unambiguous on that point.

The endorsement to the SUM coverage states as follows:

"II. Damages for Bodily Injury Caused by Uninsured Motor Vehicles:

"We will pay *all sums the insured* or the insured's legal representative *shall be legally entitled to recover as damages* from the owner or operator of an uninsured motor vehicle *because of bodily injury sustained by the insured,* caused by an accident arising out of such uninsured motor vehicle's ownership, maintenance or use" (emphasis supplied).

The policy also contained the following language:

"Limits of Liability

"The coverage limit shown on the declarations page for Coverage SS for:

"(1) 'each person' is the total limit for *all damages arising out of bodily injury* to one person in any one motor vehicle accident" (emphasis supplied).

We agree with Supreme Court that those damages "arising out of" or "because of" bodily injury sustained by the insured clearly and unambiguously include Le Blanc's past and future lost wages and medical costs which are damages Le Blanc was entitled to recover in her personal injury cause of action (*see,* CPLR 4111 [f]). Accordingly, defendant's liability to Le Blanc under the SUM endorsement was correctly limited to $12,000.

Likewise, for the reasons set forth by Supreme Court in its written decision, we concur that Howard's cause of action and plaintiffs' cause of action sounding in bad faith were properly dismissed.

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.